MICHAEL L. FRADIN (0091739)
*mike@fradinlaw.com*
LAW OFFICE OF MICHAEL L. FRADIN
8401 Crawford Ave., Suite 104
Skokie, IL 60076
Telephone: 847/986-5889
Facsimile: 847/673-1228

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Johnathan Paskiewicz, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Tanknology, Inc.<br>Defendant. | No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff, Johnathan Paskiewicz ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendant, Tanknology, Inc. (hereafter "Tanknology" or "Defendant") and alleges as follows:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked and for not paying its non-exempt employees the correct overtime rate, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

5. At all times relevant herein, Plaintiff Johnathan Paskiewicz ("Plaintiff") has been a citizen of the United States and a resident of Illinois.

6. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and 820 ILCS 105/3(d).

7. Defendant Tanknology is a corporation for profit" with a principal place of business in Illinois.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and 820 ILCS 105/3(c).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff and the putative class members were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Plaintiff and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

13. Plaintiff has given his written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached hereto as Exhibit A. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

14. At all relevant times, Plaintiff resided in Illinois.

15. Plaintiff was employed by Defendant as a technician in or around January, 2023.

16. Plaintiff and other similarly-situated employees were employed as technicians or performed similar tasks as technicians.

17. Defendant derives substantial revenue from work performed by the employees.

18. Plaintiff and other similarly-situated employees were non-exempt employees under the FLSA.

I. **STATEMENT OF FACTS**

**(Misclassification as Exempt)**

19. While employed by Defendant, Plaintiffs and the putative class members were misclassified as exempt from the overtime provisions of the FLSA and the IMWL. During the three years immediately preceding the filing of the original complaint in this case, Defendant required Plaintiffs and similarly situated technicians to work over 40 hours per week but did not compensate them for their overtime hours as mandated by federal and state wage and hour laws. As a result, Plaintiffs and the putative class members are entitled to overtime compensation at a

rate of one and one-half times their regular rate of pay for the hours in excess of forty per workweek they have worked.

20. Plaintiffs and the putative class members' primary duties did not involve work that required advanced or specialized knowledge.

21. Instead, Plaintiffs and the putative class members' primary duties were inspecting underground storage tanks.

22. Plaintiffs and the putative class members did not perform work for Defendant that was predominantly intellectual in character or that required the consistent exercise of discretion and judgment.

23. Plaintiffs and the putative class members did not perform work for Defendant that required a specific degree or an advanced degree.

24. During the three years immediately preceding the filing of the original complaint in this case, Defendant required only a high school diploma for technicians.

25. Defendant did not require any technicians to have a master's or bachelor's degree in any particular subject.

26. In addition, Defendant did not require any particular experience.

27. Throughout the terms of their respective employments with Defendant, Plaintiff regularly worked an average of approximately 50 to 60 hours per week and was not paid at the rate of one and one-half times their regular rate of pay for all such overtime hours. Defendant suffered and permitted Plaintiffs to work all such unpaid overtime hours.

28. Plaintiff and the putative class members worked an average of approximately 50 to 60 hours per week.

**(Defendant Willfully Violated the FLSA)**

29. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and IMWL.

**(Failure to Keep Accurate Records)**

30. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other similarly situated employees.

**(Failure to Pay Overtime Compensation)**

31. As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

**(Failure to Keep Accurate Records)**

32. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other similarly-situated employees when not clocked in.

**(Defendant Willfully Violated the FLSA)**

33. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

35. The Class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current technicians or persons with jobs performing substantially similar functions and/or duties to technicians employed by

Defendant during the statutory period covered by this Complaint ("FLSA Class").

36. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than 100 persons.

37. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as their own in bringing this action.

38. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the IMWL Class") defined as:

> All former and current technicians or persons with jobs performing substantially similar functions and/or duties to technicians employed by Defendant in the State of Illinois during the statutory period covered by this Complaint.

40. The IMWL Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Illinois Class, but upon information and belief, avers that they each consist of at least 100 persons.

41. There are questions of law or fact common to the Illinois Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its technicians for hours worked in excess of 40 each workweek; and
>
> (b) whether Defendant misclassified its technicians as exempt.
>
> (c) whether Defendant's misclassification of its technicians was willful.
>
> (d) what amount of monetary relief will compensate Plaintiff and other members of the Class for Defendant's violations of the IMWL.

42. The claims of the named Plaintiff are typical of the claims of other members of the IMWL Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of the other Illinois Class members.

43. Plaintiff will fairly and adequately protect the interests of the Illinois Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Illinois Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Illinois Class in this case.

44. The questions of law or fact that are common to the Illinois Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Illinois Class, listed above, are common to the classes as a whole and predominate over any questions affecting only individual class members.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Illinois Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Illinois Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims

individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(VIOLATIONS OF THE FAIR LABOR STANDARDS ACT)**
**(Plaintiff and FLSA Class)**

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

48. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violates the FLSA, 29 C.F.R. 516.2(a)(7).

49. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

50. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

**COUNT TWO**
**VIOLATIONS OF THE ILLINOIS MINIMUM WAGE LAW**
**(On Behalf of Plaintiff and the Illinois Class)**

51. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52. This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, for its failure to pay Plaintiff and the class he seeks to represent their earned overtime pay.

53. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the IMWL, 820 ILCS 105/4a.

54. By failing to pay Plaintiff and other similarly-situated employees' overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the IMWL.

55. Defendant's failure to pay Plaintiff and similarly situated employees for all hours worked violated the overtime provisions of the IMWL, 820 ILCS 105/4a.

56. Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, plus punitive and liquidated damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

D. Issue an order certifying the Illinois Class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

E. Award Plaintiff and the classes they represent actual damages for unpaid wages;

9

  F. Award Plaintiff and the Rule 23 classes compensatory damages;

  G. Award Plaintiff and the classes they represent statutory liquidated damages;

  H. Award Plaintiff and the classes they represent statutory interest;

  H. Award Plaintiff and the classes they represent pre- and post-judgment interest at the statutory rates;

  I. Award Plaintiff and the classes they represent attorneys' fees, costs, and disbursements; and

  J. Award Plaintiff and the classes they represent further and additional relief as this Court deems just and proper.

          Respectfully submitted,

          /s/ Michael L. Fradin
          Michael Fradin (0091739)
          Law Office Michael L. Fradin
          8401 Crawford Ave. Suite 104
          Skokie, IL 60076
          Phone: 847-986-5889
          Fax: 847-673-1228
          mike@fradinlaw.com

          By: /s/ *James L. Simon*
          James L. Simon (*pro hac vice* forthcoming)
          SIMON LAW CO.
          5000 Rockside Road
          Liberty Plaza – Suite 520
          Independence, OH 44131
          Telephone: (216) 816-8696
          Email: james@simonsayspay.com


          Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

          /s/ Michael L. Fradin
          One of Plaintiff's Attorneys